Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Attorney of Record: Amy Bennecoff Ginsburg (AB0891)
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KEITH FINN,** ) | **Case No.:** |
| ) | |
| Plaintiff**,** ) | |
| ) | |
| **v.** ) | **COMPLAINT AND DEMAND FOR** |
| ) | **JURY TRIAL** |
| **CONVERGENT OUTSOURCING,** ) | |
| **ALORICA f/k/a EGS FINANCIAL CARE** ) | |
| **f/k/a NCO FINANCIAL SYSTEMS, INC.,** ) | **(Telephone Consumer Protection Act)** |
| **AND FIRST CONTACT, LLC,** ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## COMPLAINT

KEITH FINN ("Plaintiff"), by and through his counsel, Kimmel & Silverman, P.C., alleges the following against CONVERGENT OUTSOURCING, ALORICA f/k/a EGS FINANCIAL CARE f/k/a NCO FINANCIAL SYSTEMS, INC., and FIRST CONTACT, LLC. ("Defendants"):

## INTRODUCTION

1.      Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA").

- 1 -

**JURISDICTION AND VENUE**

2.      Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331.  See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.      Defendants each conduct business in the State of New Jersey and as such, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).


**PARTIES**

5.      Plaintiff is a natural person residing in Vernon, New Jersey.

6.      Plaintiff is a natural "person" as that term is defined by 47 U.S.C. § 153(39).

7.      Defendant Convergent Outsourcing is a corporation with its offices located at 800 S.W. 39th Street, Renton, Washington 98057.

8.      Defendant Alorica f/ka EGS Financial Care f/k/a NCO Financial Systems, Inc. is a business with its headquarters at 5 Plaza Park, Suite 1100, Irvine, California 92614.

9.      Defendant First Contact, LLC ("First Contact") is a business with offices at One Progress Plaza, 200 Central Avenue, Floor 7, Saint Petersburg, Florida 33701.

10.      Defendants are each a "person" as that term is defined by 47 U.S.C. §153(39).

11.      Defendants were hired by Credit One Bank, N.A. to place and receive calls to its credit card customers, including calls to collect money.

12.      Defendants each acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13.     Plaintiff has a cellular telephone number.

14.     Plaintiff has only used this number as a cellular telephone number.

15.     Beginning in and around November 2014, and continuing through at least April 2015, Defendants called Plaintiff on his cellular telephone on a repetitive and continuous basis.

16.     When contacting Plaintiff on his cellular telephone, Defendants used an automatic telephone dialing system and automatic and/or pre-recorded messages.

17.     Plaintiff knew Defendants' calls were automated as when he answered calls there would be a noticeable pause or delay with no caller on the line before a representative came on the call or the call terminated.

18.     Defendant's telephone calls were not made for "emergency purposes."

19.     Shortly after the calls started, Plaintiff told the Defendants to stop calling, thereby revoking any consent Defendants had, if any, or thought they may have had to call.

20.     The representative acknowledged Defendants' request to stop calling, but Defendants continued to call, telling her calls would continue until she made a payment.

21.     Plaintiff found Respondents' repeated calls stressful, frustrating, annoying, and aggravating.

## DEFENDANT VIOLATED THE
## <u>TELEPHONE CONSUMER PROTECTION ACT</u>

22.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23.     Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

24.    Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

25.    Defendant's calls to Plaintiff were not made for emergency purposes.

26.    After Defendants were told to stop calling, the Defendants knew or should have known they did not have consent to call and that any consent they may have thought they had was revoked.

27.    Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28.    The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29.    As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.


WHEREFORE, Plaintiff, KEITH FINN, respectfully prays for judgment as follows:

       a.    All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

       b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

       c.    Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

       d.    Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

e.      Any other relief deemed appropriate by this Honorable Court.


## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, KEITH FINN, demands a jury trial in this case.


## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is subject to another action against Credit One Bank, N.A. in private arbitration before the American Arbitration Association ("AAA") (Case No. 01-17-0006-5470).


Respectfully submitted,


Dated: 11/5/18                        By: /s/ Amy L. Bennecoff Ginsburg
                                      Amy L. Bennecoff Ginsburg, Esquire
                                      Kimmel & Silverman, P.C.
                                      30 East Butler Pike
                                      Ambler, Pennsylvania 19002
                                      Phone: (215) 540-8888
                                      Facsimile: (877) 600-2112
                                      Email: aginsburg@creditlaw.com

PLAINTIFF'S COMPLAINT